FILED
CLERK
10/27/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

MARC BARNES, individually, and on behalf of all others similarly situated,

*Plaintiff*,

-against-

NIKON INC.,

*Defendant*.

-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

26-cv-04940 (GRB) (JMW)

MARK SCHEFLEN, individually, and on behalf of all others similarly situated,

*Plaintiff*,

-against-

NIKON AMERICAS INC. AND NIKON INC.,

*Defendant*.

-------------------------------------------------------------------X

26-cv-05455 (JMW)

**WICKS,** Magistrate Judge:

These two class actions arise out of the Supreme Court's invalidation of tariffs imposed under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*

("IEEPA")[1] in which the Plaintiffs claim that the Defendants[2] imposed tariffs under the IEEPA, charging consumers the IEEPA-based tariffs, and then not refunding to consumers the tariffs paid that were later invalidated. (ECF No. 1.) Before the Court is Plaintiffs' unopposed motion to consolidate related cases and for the appointment of interim co-lead class counsel. (filed at ECF No. 16 in 26-cv-4940). Although Defendant disputes the claims and allegations of the two cases, Defendant does not oppose consolidation and takes no position on the requested lead counsel appointments. (*See id.* at 2.) Since the requested consolidation will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay, the motion for consolidation is **GRANTED.** Furthermore, Patrick Wallace of Lee Segui PLLC, Eric Lechtzin of Edelson Lechtzin LLP, and Andrew W. Ferich of Ahdoot & Wolfson, PC are hereby appointed as interim co-lead class counsel.[3]

## THE LEGAL FRAMEWORK

Pursuant to Fed. R. Civ. P. 42(a), courts may consolidate multiple actions. *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the

[1] *Learning Resources, Inc. v. Trump*, 607 U.S. 229, 254-55 (2026).

[2] The *Barnes* action names only Nikon Inc., whereas the *Scheflen* action names Nikon Inc. and Nikon Americas Inc.

[3] Since the applications made before the Court seek non-dispositive relief, the Court proceeds by Order rather than Report and Recommendation. *See McChesney v. Hogan*, No. 08-CV-1186 (NAM)(DE), 2009 WL 607398, at *2 (N.D.N.Y. Mar. 9, 2009); *Wilson v. Gen. Mills, Inc.*, No. 08-CV-00597(JJM), 2009 WL 10681447, at *1 (W.D.N.Y. July 6, 2009) (same); *In re Synergy Pharms. Inc. Sec. Litig.*, No. 18-CV-873 (AMD)(VMS), 2020 WL 5763830, at *2 (E.D.N.Y. Sept. 28, 2020) (same); *see also Steiner v. UiPath, Inc.*, No. 24-CV-04702 (JPC) (SDA), 2024 WL 4054373, at *1 n.2 (S.D.N.Y. Sept. 5, 2024) (collecting cases) (internal citations omitted) ("An order appointing lead plaintiff and approving lead counsel qualifies as a nondispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure, allowing this Court to issue a written order (i.e., a Memorandum and Order) rather than a recommended disposition (i.e., a Report and Recommendation).").

actions; or (3) issue any other orders to avoid unnecessary cost or delay.”). “The Second Circuit has interpreted this rule broadly, stating that Rule 42 gives district courts ‘broad discretion to determine whether consolidation is appropriate.’” *Stewart v. Prac. Res., LLC*, No. 22-CV-0905 (LEK)(DJS), 2022 WL 17155996, at *2 (N.D.N.Y. Nov. 22, 2022) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). Judicial economy is to be considered while determining if consolidation is appropriate as well as a fair trial. *Id.*

In addition, Fed. R. Civ. P. 23 governs class actions and the associated tasks therein such as appointing interim class counsel. Indeed, a “court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.” Fed. R. Civ. P. 23(g)(3). “The Advisory Committee Notes to Rule 23(g)(2)(a) explain that the rule ‘authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class.’” *Mogull v. Pete & Gerry's Organics, LLC*, No. 21 CV 3521 (VB), 2022 WL 4661454, at *1 (S.D.N.Y. Sept. 30, 2022). Appointment is a discretionary matter. *See id.* Courts are encouraged to appoint interim counsel to safeguard the potential class members and when there are “a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated.” *Sullivan v. Barclays PLC*, No. 13-CV-2811 (PKC), 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) (internal citations omitted).

> A court considering the appointment of interim lead class counsel should consider the same factors that a court appointing lead counsel for a certified class must consider, including the candidates' qualifications and competence, their ability to fairly represent diverse interests, and their attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court. Also appropriate for consideration is anything else that is pertinent to counsel's ability to fairly and adequately represent the interests of the class, including (1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and

> (3) the capabilities of counsel. Ultimately, the court's task in deciding these motions is to protect the interests of the plaintiffs, not their lawyers.

*In re Parking Heaters Memorandum Antitrust Litig.*, 310 F.R.D. 54, 57 (E.D.N.Y. 2015) (internal citations and quotations omitted).

With this framework in mind, the Court analyzes the instant application.

**DISCUSSION**

Both consolidation and appointment of interim counsel are appropriate in these cases. There are overlapping issues, which when consolidated will avoid different or inconsistent outcomes in what may be a long and complex class action, as further discussed below.

## I. Consolidation

As an initial matter, the two cases are "sufficiently related to justify consolidation, in the interest of justice and to avoid overlap and undue expense." *McChesney*, 2009 WL 607398, at *2. Both allege that Defendants imposed or passed on tariffs to consumers and then failed or refused to refund following the Supreme Court's invalidation of the tariffs in *Learning Resources*. "The Second Circuit has interpreted Rule 42 as a 'valuable and important tool of judicial administration ... invoked to expedite trial and eliminate unnecessary repetition and confusion.'" *Brown v. Whitley*, No. 21-CV-2933 (AMD)(CLP), 2022 WL 21781441, at *8 (E.D.N.Y. Oct. 4, 2022), *report and recommendation adopted*, No. 21-CV-2933 (AMD)(CLP), 2022 WL 21781418 (E.D.N.Y. Dec. 1, 2022) (internal citations omitted).

"In determining whether consolidation is appropriate, the court must consider whether 'judicial economy favor(s) consolidation. This consideration, however, 'must yield to a paramount concern for a fair and impartial trial.'" *Toussie v. Cnty. of Suffolk*, No. CV 01-CV-6716 (JS)(ARL), 2007 WL 1490463, at *1 (E.D.N.Y. May 21, 2007) (quoting *In re Olsten Corp. Securities Litig.,* 3 F.Supp.2d 286, 292 (E.D.N.Y.1998)). Notably, all parties consent to this

application (*see* ECF No. 16-1 at 2), forming the basis that no party would be prejudiced through consolidation. Additionally, consolidation would assist in ensuring a coordinated discovery schedule and avoid inconsistent rulings. Nor is there any indication that consolidating the cases would result in an unfair trial.

Accordingly, the Motion to Consolidate is granted and the instant action, namely, 2:26-cv-04940 (GRB)(JMW), is deemed the lead case.

## II. Appointment of Interim Counsel

"When deciding a motion to appoint interim class counsel, a court must first find that such an appointment is necessary." *Shiloah v. GEICO Indem. Co.*, No. 24-CV-06447 (EAW)(CDH), 2025 WL 2314761, at *2 (W.D.N.Y. Aug. 12, 2025) (citing *Melville v. HOP Energy, LLC*, No. 21-CV-10406, 2024 WL 2240280, at *2 (S.D.N.Y. May 17, 2024)). Courts generally find it is necessary to do so when there is overlap between cases, multiple attorneys or consolidation has occurred. *See Sullivan*, 2013 WL 2933480, at *1. "In such cases, interim class counsel 'may be helpful in clarifying responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *Est. of Sherlip v. Morgan Stanley*, No. 24-CV-4571 (VEC), 2025 WL 2097872, at *2 (S.D.N.Y. July 25, 2025) (quoting *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 271–72 (S.D.N.Y. 2009)).

Courts must look at the factors listed in Rule 23(g) when appointing an interim class counsel. Those are,

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. at 272 (outlining the above factors and discussing other factors a court may consider).

"Class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). "Appointing lead counsel helps to promote efficiency and avoid unruly proceedings." *In re Parking Heaters Memorandum Antitrust Litig.*, 310 F.R.D. at 56. As such, the Court reviews the application to determine whether the proposed interim co-lead counsel meets that standard.

Plaintiffs seek to have Messrs. Wallace, Lechtzin and Ferich ("Proposed Interim Co-Counsel") as Co-Lead Class Counsel. Upon review of instant application (*see* ECF Nos. 16-2,-3 and -4), the Court finds that these proposed counsels are amply suited and clearly satisfy the four required factors and appointment would allow for "effective case management." *Bitzko v. Weltman, Weinberg, & Reis Co., LPA*, No. 17-CV-458 (BKS)(DJS), 2018 WL 10593815, at *1 (N.D.N.Y. May 18, 2018) (granting the motion for interim class counsel).

*First*, Proposed Interim Co-Counsel have done extensive investigatory work in this area. *Second and third*, Proposed Interim Co-Counsels' experience is vast. The three have a collective deep experience in complex class action litigation. "Each appears to have deep knowledge not only of class action law and procedure, but also of substantive … law." *See In re: Int. Rate Swaps Antitrust Litig.*, No. 16-MC-2704 (PAE), 2016 WL 4131846, at *3 (S.D.N.Y. Aug. 3, 2016).

Thus, together Proposed Interim Co-Counsel are highly experienced senior attorneys who understand the potential complexities of the issues in these cases. *See Delre v. Perry*, 288 F.R.D. 241, 247 (E.D.N.Y. 2012) (finding that interim counsel possessed the requisite knowledge and

experience to handle the class action claims); *see also Melville*, 2024 WL 2240280, at *2 ("judges in this District routinely appoint interim class counsel even if they represent multiple classes against the same defendant").

*Fourth*, Proposed Interim Co-Counsel assert that they have already committed substantial resources and will continue to do so. Consideration of the above leads to the conclusion that the interests of the putative class members will be protected.

Accordingly, Patrick Wallace, Eric Lechtzin and Andrew Ferich are appointed as Interim Co-Lead Class Counsel. *See Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (upon review of the factors, granting appointment of interim counsel).

## **CONCLUSION**

For the foregoing reasons, the unopposed Motion to Consolidate Cases and Appoint Interim Class Counsel (ECF No. 16) is **GRANTED**, the lead case is *Barnes v. Nikon Inc.*, No. 2:26-CV-04940 (GRB)(JMW) (E.D.N.Y.), and all future filings shall be made in the lead case as set forth below:

1. The following cases are hereby consolidated: *Barnes v. Nikon Inc.*, Case No. 2:26-cv-04940-JMW (filed August 13, 2026) and *Scheflen v. Nikon Americas Inc. et al.*, Case No. 2:26-cv-05455 (filed September 2, 2026) (the "Related Actions"), including any subsequently filed or transferred actions asserting substantially similar allegations as in the *Barnes* and *Scheflen* cases, for all purposes, into the first-filed *Barnes* action, Case No. 2:26-cv-04940-(GRB)(JMW) (hereinafter, the "Consolidated Action"), and re-captions the matter "*In re Nikon Tariff Refund Litigation*".

2. The Clerk of Court is respectfully directed to administratively close the *Scheflen* action. The Clerk of Court is further respectfully directed to transfer all documents already docketed in the Related Actions into the Consolidated Action.

3. All papers filed in the Consolidated Action shall be filed under the lead case number 2:26-cv-04940 (GRB)(JMW), the number assigned to the first-filed case, *Barnes*, and shall bear the following caption:

| | |
|---|---|
| *In re Nikon Tariff Refund Litigation* | 2:26-cv-04940(GRB)(JMW) |

4. The case file for the Consolidated Action will be maintained under Master File No. 2:26-cv-04940(GRB(JMW).

5. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

6. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Patrick Wallace of Lee Segui PLLC, Eric Lechtzin of Edelson Lechtzin LLP, and Andrew W. Ferich of Ahdoot & Wolfson, PC as Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the putative Class Members in the Consolidated Action, with the responsibilities set forth below:

- determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;
- coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Rules and any applicable local rules;
- convene meetings amongst counsel;

- conduct settlement negotiations on behalf of Plaintiffs and the putative class;
- delegate specific tasks to other Plaintiffs' counsel, if any, if and as needed, in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;
- negotiate and enter stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;
- monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;
- perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;
- serve as the primary contact for communication between the Court and any, if any, other Plaintiffs' counsel;
- ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);
- communicate with Defendant's counsel as necessary to promote the efficient advancement of this litigation;
- allocate any attorneys' fees that may be awarded by the Court;
- perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further order of the Court; and
- submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

7. Any additional plaintiffs' counsel will do all work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

8. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiff unless that authority is expressly

delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

9. Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

10. Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint on or before **November 25, 2026.** Defendants need not respond to any of the initial complaints filed in the Related Actions. Defendants shall respond to the Consolidated Class Action Complaint within thirty (30) days of the filing of the Consolidated Class Action Complaint.

11. This Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in the Consolidated Action.

12. The conferences scheduled for **November 9, 2026** (in 26-cv-4940) and **November 3, 2026** (in 26-cv-5455) are hereby cancelled and adjourned. The initial conference of the Consolidated Class Action will now take place remotely on **December 18, 2026 at 9:30 a.m.** by Zoom.

Dated: Central Islip, New York
October 27, 2026

**S O O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge